I hereby attest and certify on **3/9/05**
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By Kathleen Smith Deputy

✓ FILED ____ LODGED
____ RECEIVED ____ COPY

MAR – 9 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ KCS _____ DEPUTY

**FILED**
DISTRICT COURT OF GUAM

MAR 25 2005

MARY L.M. MORAN
**05-00012** CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Ali Partovi,                              )   No. CV 03-1540-PHX-EHC (DKD)
                                          )
            Plaintiff,                    )   **ORDER**
                                          )
vs.                                       )
                                          )
David Marory, et al.,                     )
                                          )
            Defendants.                   )
                                          )
                                          )
_____   )

This is a civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1979) brought by an immigration detainee housed in the Florence Correctional Center in Florence, Arizona. The Court ordered service of Plaintiff's First Amended Complaint. Plaintiff thereafter sought leave to amend to change the names of the Defendants. The Court dismissed the First Amended Complaint and granted Plaintiff leave to file a Second Amended Complaint. The order of service will therefore be vacated in light of the dismissal of the First Amended Complaint. Plaintiff filed his Second Amended Complaint. Because venue is proper in the District Court of Guam, the Court will transfer the action.

JDDL

## A.  **Second Amended Complaint**

As stated, Plaintiff's First Amended Complaint was dismissed, and Plaintiff filed a Second Amended Complaint. An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258,1262 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's Second Amended Complaint concerns his conditions of confinement while he was detained in Guam, both in a local jail and in a federal detention center. Plaintiff contends that he was physically abused, that he received inadequate medical care, and that he was treated as a terrorist from Afghanistan when he is actually from Iran. Plaintiff sues Jessie Q. Tupaz, the federal warden, and Commodore Franklin, the jail warden, in their individual and official capacities. He requests monetary damages of five million dollars.

## B.  **Venue**

The Court may raise the issue of defective venue sua sponte. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). General principles of venue are governed by 28 U.S.C. § 1391. Two subsections are potentially applicable to the circumstances of this case: § 1391(b) and § 1391(e).

*1. Section 1391(b)*

Under § 1391(b), a civil action may be brought only in a judicial district (1) where any defendant resides, if all defendants reside in the same State, (2) in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) in which any defendant may be found, if there is no district in which the action may otherwise be brought. Under this provision, venue is proper in Guam under (1) and (2) because both defendants reside in Guam, and the events giving rise to Plaintiff's claim occurred in Guam. Subsection (3) does not apply.

JDDL

1          *2. Section 1391(e)*

2          Another venue provision, § 1391(e), governs actions when the defendant is an officer

3    or employee of the United States and is sued in an official capacity. In that case, the action

4    may be brought in any judicial district in which (1) a defendant in the action resides, (2) a

5    substantial part of the events or omissions giving rise to the claim occurred, or (3) the

6    plaintiff resides. 28 U.S.C. § 1391(e). Under this provision, venue is proper in Guam under

7    (1) and (2), where Defendant Tupaz resides and where the events giving rise to the claims

8    occurred. For (3), it is unclear where Plaintiff resides. Although he is currently detained in

9    Arizona, "[o]ne does not change his residence to prison by virtue of being incarcerated

10   there." Cohen v. United States, 297 F.2d 760, 774 (9th Cir.), cert. denied, 369 U.S. 865

11   (1962). Plaintiff's current detention in Arizona therefore is not definitive of the question of

12   his residence.

13         Is it not necessary, however, to determine where Plaintiff resides because § 1391(e)

14   cannot apply for another reason. The Supreme Court has held that where the suit is *not* "in

15   essence against the United States," § 1391(e) does not apply. Stafford v. Briggs, 444 U.S.

16   527 (1980). For example, a Bivens action for money damages is not essentially against the

17   United States. The Supreme Court found that it was not Congress' intent to subject federal

18   officers to lawsuits in any one of the fifty states and other areas with federal jurisdiction, but

19   instead was Congress's intent to subject the United States to lawsuits nationwide. Id. at 542.

20         Although Plaintiff has sued federal warden Tupaz is sued in his official capacity,

21   Plaintiff claims that his conditions of confinement were unconstitutional, and Plaintiff seeks

22   five million dollars in damages. This action is, in actuality, a Bivens action against Tupaz

23   personally. It is not an action that is "essentially against the United States." Stafford, 444

24   U.S. at 542. Consequently, § 1391(e) cannot apply.

25         *3. Transfer*

26         In light of the foregoing, venue is improper in this district under § 1391(b). Venue

27   properly lays in Guam. Pursuant to 28 U.S.C. § 1406(a), when venue lays in the wrong

28

district, the court shall dismiss, or if in the interests of justice, transfer the action to the division in which it could have been brought. The Court finds that the "interests of justice" dictate that this action be transferred to Guam. For Plaintiff's benefit, it is noted that Congress has endowed the District Court of Guam, an unincorporated territory, with the same jurisdiction as the district court of the United States. <u>See</u> 48 U.S.C. § 1424(b).

**IT IS THEREFORE ORDERED:**

(1) That the Court's Order (Doc. #10) is vacated only to the extent that the Order required service of the First Amended Complaint; and

(2) That the Clerk of Court is directed to transfer this action to the District Court of Guam.

DATED this _____8_____ day of _____March_____, 2005.

_____
Earl H. Carroll
United States District Judge

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
UNITED STATES COURTHOUSE
230 NORTH FIRST AVENUE, ROOM 1400
PHOENIX, ARIZONA 85025-0093

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
UNITED STATES COURTHOUSE
230 NORTH FIRST AVENUE, ROOM 1400
PHOENIX, ARIZONA 85025-0093

**Michael O'Brien**
CHIEF DEPUTY CLERK
JAMES A. WALSH COURTHOUSE
44 E. BROADWAY BOULEVARD, ROOM 202
TUCSON, ARIZONA 85701-1711

March 22, 2005

Mary L. M. Moran, Clerk of Court
District Court of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagåtña, Guam 96910

### RE: Ali Partovi vs. David Marory, et al., CV 03-1540 PHX EHC (DKD)

Dear Ms. Moran:

Pursuant to the order of this Court, the above mentioned cause of action is being transferred to your court for all further proceedings. Enclosed find the original case file, together with certified copies of the transfer order and the docket sheet.

Please acknowledge receipt of same and indicate your district's case number on the enclosed copy of this letter and return.

Thank you,

**RICHARD H. WEARE, DCE/CLERK**

By: *Kathleen C Smith*
Deputy Clerk

cc: all counsel

**RECEIVED**
MAR 25 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Receipt is acknowledged of the documents described herein.

New Case Number: __ **05-00012** __

Clerk, U.S. District Court

By: *[signature]*
Deputy Clerk

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

Case 1:05-cv-00012   Document 1   Filed 03/25/2005   Page 5 of 35

U.S. District Court
U.S. District Court for the District of Arizona (Phoenix)

CIVIL DOCKET FOR CASE #: 03-CV-1540

Partovi v. Marory, et al                              Filed: 08/11/03
Assigned to: Judge Earl H Carroll
           Referred to: Magistrate Judge David K Duncan
Demand: $0,000                          Nature of Suit: 550
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:1331 Fed. Question: Bivens Act


ALI PARTOVI                    Ali Partovi
     pla                       A76282295
                               [COR LD NTC pse] [PRO SE]
                               CCA/FCC-Florence
                               Florence Correctional Ctr
                               PO Box 6900
                               Florence, AZ 85232


========================


DAVID MARORY, FBI Agent Guam
USA
     dft
  [term 07/02/04]


========================


GEORGE NONALDO, FBI Agent Guam
USA
     dft
  [term 07/02/04]


========================


BYRON FARLY, INS Agent Guam
USA
     dft
  [term 07/02/04]


========================

Docket as of March 22, 2005 11:31 am                Page 1

I hereby attest and certify on 3-22-05
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my custody

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By _____ Dep

TUPAZ, Warden for Federal
Prison
      dft
  [term  10/14/04]


========================

FRANKLIN TUPAZ, Warden Local
Prison (ACF) Guam
      dft
  [term  10/14/04]


========================

JESSIE Q TUPAZ, sued in
individual and official
capacity as Warden Federal
Prison Guam USA
      dft


========================

FRANKLIN, sued in his
individual and official
capacity as (Commodore) Warden
Local Prison Guam USA
      dft

Case 1:05-cv-00012    Document 1    Filed 03/25/2005    Page 7 of 35

Proceedings include all events.                    TERMED
2:03cv1540 Partovi v. Marory, et al                          REF
                                                   TRANSF

8/11/03    1      PRISONER Civil Rights Complaint filed. (elh)
                  [Entry date 08/12/03]

8/11/03    2      NOTICE of Assignment; case is assigned to Judge Earl H.
                  Carroll and is referred to David K. Duncan (PS) and Court's
                  Legal Staff for review. (elh) [Entry date 08/12/03]

8/14/03    --     Filing Fee Paid  $ 150.00 by CCA Florence Correction Center
                  for pla Ali Partovi ; receipt placed on left side of file
                  (kg) [Entry date 08/19/03]

12/16/03   3      ORDER  by Judge Earl H. Carroll: pla shall have 30 days
                  from the date this order is filed to pay the $150 filing
                  fee or submit an affidavit as required by 28:1915(a)(1);
                  Clerk is directed to enter dismissal of this action without
                  prejudice and without further notice to pla if pla fails to
                  timely pay the $150 filing fee or submit an affidavit as
                  required by 28 :1915(a)(1);  ; spec. prisoner ddl set for
                  1/15/04;  Clerk of the Court to provide to pla a current
                  court-approved form for filing a non-prisoner in forma
                  pauperis affidavit pursuant to 18:1915(a)(1) (cc: all
                  counsel/pla with form) (jrh) [Entry date 12/16/03]

12/22/03   4      PROOF OF PAID FILING FEE/RESPONSE by pla Ali Partovi to
                  Court Order directing pla to pay the filing fee (Court
                  Order doc.#3) (kg) [Entry date 12/30/03]

1/21/04    5      ORDER  by Judge Earl H. Carroll  that the Order of 12/16/03
                  directing that Pla pay the filing fee, is vacated [3]
                  FURTHER ORDERED that the due process claim is dismissed
                  w/out prejudice for failure to state a claim pursuant to 28
                  USC 1915(e)(2)(B)(ii) FURTHER ORDERED that the Complaint is
                  dismissed w/leaveto amend. Pla shall have 30 days from the
                  file date of this Order to file an Amended Complaint
                  FURTHER ORDERED that the Clk of Court is directed to enter
                  dismissal of this action, w/out prejudice and w/out further
                  notice to Pla if Pla fails to comply w/this Court's
                  Order...spec. prisoner ddl set for 2/20/04 FURTHER
                  ORDERED that the Clk of Court is directed to provide to Pla
                  a current court-approved form for filing a complaint
                  pursuant to 42 UC 1983 (cc: all counsel) (map)
                  [Entry date 01/21/04]

2/2/04     --     MOTION to Amend Complaint (note: Court Order at docket #5
                  grants pla leave until 2/20/04 to amend complaint) by pla
                  Ali Partovi [6-1] (kg) [Entry date 02/05/04]

2/2/04     7      FIRST AMENDED COMPLAINT by pla Ali Partovi ; [1-1]
                  terminating dft Tupaz; adding dft Franklin Tupaz (kg)
                  [Entry date 02/05/04]

2/2/04     6      NOTICE by pla Ali Partovi of Filing Amended Complaint (at
                  doc.#7) (kg) [Entry date 04/19/04]

Docket as of March 22, 2005 11:31 am              Page 3

Proceedings include all events.                                    TERMED
2:03cv1540 Partovi v. Marory, et al                                       REF

                                                                   TRANSF

| 2/10/04 | 8 | entitled "Motion to Notice" Notice of ERRATA regarding dft Mr. Byron Farly (he is not FBI agent, he is INS agent) by pla Ali Partovi to Amended Complaint [7-1] (kg) [Entry date 02/11/04] |

| 7/1/04 | 9 | MOTION to amend defendants names in the complaint (amended) [7-1] by pla Ali Partovi [9-1]. Styled as: "Motion to submit defendants right name" NO LODGED DOCUMENT SUBMITTED (lsb) [Entry date 07/02/04] |

| 7/2/04 | 10 | ORDER by Judge Earl H. Carroll : that Counts I and III are dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 486(1994), until such time as Pla is able to demonstrate that his conviction or sentence has been reversed, expunged, or otherwise invalidated or called into question. IT IS FURTHER ORDERED that dfts David Marory, George Nonaldo, and Byron Farly, who are named only in connection with Counts I and III, are dismissed from this action without prejudice. IT IS FURTHER ORDERED copies of summons, first amended complaint and this order to be served at Gov expense upon dfts Franklin and Tupaz; Pla shall complete and return the service packets to the Clk of Court w/in 20 days of the file date of this Order. Service due back by 7/22/04. FURTHER ORDERED dfts shall answer or otherwise respond by appropriate motion w/in the time provided by the applicable provisions of Rule 12(a) Fed. R. Civ. P.. IT IS THEREFORE ORDERED terminating party David Marory, party George Nonaldo, party Byron Farly. IT IS FURTHER ORDERED Case referred to Magistrate Judge David K. Duncanpursuant to LR 1.16 and 1.17 for further proceedings. (cc: All Cnsl/DKD) (lsb) [Entry date 07/02/04] |

| 7/12/04 | -- | Service Packets received on 07/12/04 from pla as to dft Tupaz, dft Franklin Tupaz (elh) [Entry date 07/13/04] |

| 7/21/04 | -- | Service Packets received on 07/21/04 from pla as to dft Tupaz, dft Franklin Tupaz (jro) [Entry date 07/22/04] |

| 7/22/04 | -- | USM 285, summons/notice/complaint/order, forwarded to USMS this date as to dft Tupaz, dft Franklin Tupaz . (jro) [Entry date 07/22/04] |

Case 1:05-cv-00012    Document 1    Filed 03/25/2005    Page 9 of 35

Proceedings include all events.              TERMED
2:03cv1540 Partovi v. Marory, et al             REF
                                                               TRANSF

| 9/24/04 | 11 | ORDER by Judge Earl H. Carroll granting motion to amend defendants names in the complaint (amended) [7-1] by pla Ali Partovi [9-1]. IT IS FURTHER ORDERED that the Amended Complaint is dismissed with leave to amend. Pla shall have 30 days from the date this Order is filed in which to file a Second Amended Complaint. IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a judgment of dismissal w/o prejudice and w/o further notice to Pla, if Pla fails to file a Second Amended Complaint within 30 days from the date of this Order is entered ; spec. prisoner ddl set for 10/25/04. IT IS FURTHER ORDERED that the Clerk of Court is directed to provide to Pla a current court-approved form for filing a civil rights complaint (also appropriate for a Bivens action). (cc: all counsel) (lsb) [Entry date 09/24/04] |
|---|---|---|
| 10/14/04 | 12 | SECOND AMENDED COMPLAINT by pla Ali Partovi; [7-1] terminating dft Franklin Tupaz, dft Tupaz; adding dft Jessie Q Tupaz, Franklin (lsb) [Entry date 10/15/04] |
| 11/29/04 | 13 | RETURN OF SERVICE PERSONALLY EXECUTED summons/complaint and order upon dft Jessie Q Tupaz on 10/14/04 (kcs) [Entry date 12/02/04] |
| 11/29/04 | 14 | RETURN OF SERVICE PERSONALLY EXECUTED summons/complaint and order upon dft Franklin on 10/14/04 (kcs) [Entry date 12/02/04] |
| 3/9/05 | 15 | ORDER by Judge Earl H. Carroll re: order (re service packet) [10-3]; that the Court's Order is vacated only to the extent that the order required service of the 1st amended complaint; and that the Clerk of Court is directed to transfer this action to the District Court of Guam. Case transferred to Dist of: Guam (cc: all counsel) (kcs) [Entry date 03/09/05] |
| 3/22/05 | -- | ORIGINAL file, certified copies of transfer order and docket sheet, and transmittal letter mailed to Guam (cc: all counsel) (dmt) [Entry date 03/22/05] |

Case 1:05-cv-00012   Document 1   Filed 03/25/2005   Page 10 of 35

ALI   PARTOVI      A#76-282-295
Name and Prisoner/Booking Number

CCA/BICE
Place of Confinement

1100  BOWLING RD/ P.O. BOX 6900
Mailing Address

FLORENCE, ARIZONA 85232
City, State, Zip Code

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 1 1 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

ALI   PARTOVI
(Full Name of Plaintiff)                          Plaintiff,

vs.

DAVID MARORY      (FBI  AGENT  GUAM  U.S.A )  ,

GEORGE NONALDO    (FBI  AGENT  GUAM  U.S.A )  ,

BYRON FARLY       (INS  AGENT  GUAM  U.S.A )  ,

TOPAZ            (WARDEN  FOR  FEDERAL PRISON )  ,
(Full Name of Each Defendant)                   Defendant(s).

CASE NO. CV03-1540-PHX-EHC-DKD
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
   a.  ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   c.  ☐ Other:  (Please specify.) _____

2.  Name of Plaintiff:  ALI  PARTOVI   CORRECTIONAL CORPORATION OF AMERICA PRISON/BICE DETENTION
   Present mailing address: 1100  BOWING ROAD/P.O. BOX  6900 FLORENCE, ARIZONA 85232
               (Failure to notify the Court of your change of address may result in dismissal of this action.)

   Institution/city where violation occurred:  F.D.F.   FEDERAL PRISON IN GUAM U.S.A.

98-1983
Revised 6/98

1

**550/555**

3.     Name of first Defendant: DAVID MARORY
FBI AGENT GUAM U.S.A                            . The first Defendant is employed as:
           (Position and Title)          at FEDERAL BUREAU OF INVESTIGATION
                                                           (Institution)

The first Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: Due Process under the 14th
amendment was violated also the 5th amendment was violated.

4.     Name of second Defendant: GEOROE NONALDO
FBI AGENT GUAM U.S.A                         . The second Defendant is employed as:
           (Position and Title)          at     FEDERAL BUREAU OF INVESTIGATION
                                                       (Institution)

The second Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: Due Process under the 5th
amendment was violated also the 14th amendment was violated.

5.     Name of third Defendant: BYRON FARLY
INS/BICE AGENT GUAM U.S.A                 . The third Defendant is employed as:
           (Position and Title)          at     IMMIGRATION SERVICE/BICE
                                                       (Institution)

The third Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: Due Process under the 5th
amendment was violated also the 14th amendment was violated.

6.     Name of fourth Defendant: TUPAZ (Warden F.D.F )
FEDERAL PRISON GUAM U.S.A            . The fourth Defendant is employed as:
           (Position and Title)          at     FEDERAL BUREAU OF PRISON
                                                       (Institution)

The fourth Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: Due Process under the 5th
amendment was violated also the 14th amendment was violated.

(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)

## B. PREVIOUS LAWSUITS

1.     Have you filed any other lawsuits while you were a prisoner?      ☐ Yes          ☒ No

2.     If your answer is "yes," how many lawsuits have you filed? __∅__ . Describe the previous lawsuits in the spaces provided below.

3.     First prior lawsuit:
      a.    Parties to previous lawsuit:
            Plaintiff:            N/A
            Defendants:          N/A

2

b. Court: (If federal court, identify the district; if state court, identify the county.) _____
   _____ **N/A** _____

c. Case or docket number: _____ **N/A** _____

d. Claims raised: _____ **N/A** _____
   _____
   _____

e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
   _____ **N/A** _____

f. Approximate date lawsuit was filed: **N/A** _____

g. Approximate date of disposition: _____ **N/A** _____

4. Second prior lawsuit:

   a. Parties to previous lawsuit:
      Plaintiff: _____ **N/A** _____
      Defendants: _____ **N/A** _____
      _____ **N/A** _____

   b. Court: (If federal court, identify the district; if state court, identify the county.) ____ **N/A** _____
      _____

   c. Case or docket number: _____ **N/A** _____

   d. Claims raised: _____ **N/A** _____
      _____
      _____

   e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
      _____ **N/A** _____

   f. Approximate date lawsuit was filed: **N/A** _____

   g. Approximate date of disposition: ___ **N/A** _____

5. Third prior lawsuit:

   a. Parties to previous lawsuit:
      Plaintiff: _____ **N/A** _____
      Defendants: _____ **N/A** _____

   b. Court: (If federal court, identify the district; if state court, identify the county.) ___ **N/A** _____

   c. Case or docket number: _____ **N/A** _____

   d. Claims raised: _____ **N/A** _____
      _____
      _____

   e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
      _____ **N/A** _____

   f. Approximate date lawsuit was filed: _ **N/A** _____

   g. Approximate date of disposition: _____ **N/A** _____

**(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s): Defendant violated my constitutional rights and public laws 99-603 § (2) also vliolated my 5th and 14 th amendments rights.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☑ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

   On are about October 22,2001 and the following days to come. My constitutional rights was violated by the follow defendants Byron Farly (INS agent), David Marory (FBI agent), George Nonaldo (FBI agent) and Mr Tupaz (Warden of F.D.F in Guam U.S.A) violated my due process. The first interogation took place in Air Port at Guam U.S.A Air port and my second one was on October 26,2001 while I was in the INS building in the island of Guam, where I met Mr Byran Farly and Mr David Marory who is FBI agent. They told me to speak to speak to tel-phone interpreter and was the phone who I don't remember her name, and said she is from Armania. While she was talking to me on the phone she ask me are you from Afganistan my answer was no. So they want you to prove that you are Iranian, they want you to answer all the questions that I am going to ask you and they want you to answer their questions on the paper. So they asked me lots of questions, most of their questions was same questions that they already asked me on October 22,2001 while I was in Air port in Guam U.S.A, they ask me if you are from IRAN draw the Iran's map on the paper, the cilies and the city that you were living in Iran with, your parents, your residential address and the phone number as well ? so I did what they told me to do. They asked me while I was in TOKYO in Japan you said that you went to United Nations

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
   The injury that was cause by the defendant action and inaction as cause me to be stuck in INS facility for over 22 months, because they took some paper work out of my files and denied me access to court in Guam U.S.A Where I could have been release , Plus their action of calling me terrorist as injury my due process for asylum in the U.S.A.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?
   b. Did you submit a request for administrative relief on Count I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

4

## CONTINUANCE SUPPORTING FACTS

Office, who do you speak to there they asked? I spoke to (Mr. Odono) they asked me a lot of questions which I answered all of their questions in writing, I signed the paper and next to my signature I wrote I am a refugee. So when they were finished with me they took the paper and left. After awhile Mrs. Conway the lady officer came and gave me a copy of my interrogation, when I looked at the officer Conway, I realized that the Officer Conway is the one who type my interrogation paper on October 26, 2001, but she was not present in the room at the time of my interrogation. When I got the copy of the papers I realize that the map of my country (Iran) that I drew was missing! Then I looked and got more surprised because they typed on the paper that I'm from Afghanistan. Though I answered in writing I am from Iran, then I realized that my residential address with my parents and the phone number that I wrote on the paper was missing too. Also I realized that the name of the person who I spoke to in U.N. Office in Tokyo was misprinted. THe person's name that I wrote was (Mr. Odono) but they typed (Ordonox). However the little misprint can make my situation harder, but they didn't care, and only one person that I have as a witness of my answers is the Armanian Interpreter who was on the phone while I was answering their questions. I believe the court in Hawaii, they have her full name and her address. Also I learned that the people who accused me are no longer in U.S. and the court doesn't know where they are. My understanding is there is no accuser against me and all these stories are not true, but are made up. I remembered while I was in the Federal jail in Guam U.S.A. one day my attorney (government appointed) I called Mr. Randavil and told him that eversince I came to jail the staffs are mistreating me. He told me be patient, your court date is on March 11, 2002, which is your final court and mostlikely the Judge will release you to Immigration's custody.

On March 11, 2002 I was hoping that I am going to court and then to I.N.S. custody, but they came and told me we are taking you to the hospital. Why? I asked they said because you are sick and have kidney problem. So we're are taking you to the doctor. I told them I am not sick and I do not have kidney problems and I do not have kidney stones. Also I told them I need no medical attention. They told me sorry this is a U.S. Marshalls order and you are going with us anyway.

## CONTINUANGE SUPPORTING FACTS

I believe they did that to me because they knew that I have Court On that day and they believed that federal Judge is going to release me from the federal Jail to Immigration's Custody so they messeded up my Court, and I believe MR. George Nonaldo (F.B.I agent)and MR. Byron Farly (INS agent) and U.S. Marshall GUAM U.S.A. they believed That federal Judge is going to release me to INS Custody that's why they came up with Idea! On 03,20.2002 I want befor Judge and pleased him or release me or send me to INS Custody, but the Immigration Judge said sorry I can't do any thing for you at this Time and you will be remain in the federal Jail, plus your asylum petition has being Denied . One day later one of the F.B.I agent MR. George Nonaldo and the INS Agent And one of U.S. Marshall they came to my cell they told me take off your Clothes, Which I did, then they hand cuffed me and they leaved me there! while later some Jail's Officer Came to my cell they had a paper and they asked me to signe that the writing On the paper was English and I was unable to understand it, so I told him I will refuse Because I dont knew what it writing On this paper, So they left, while later One of The warden mr. TUPAZ came and told me you better sign this paper, if you dont we will Treat you worse then what you think so I got scared and I did sign the paper without Knowen what was writing on the paper! On 04,17,2002 they took me to federal Court, about an hour befor I go to Court room my public defender Attorney came when I saw Him I got very upset I asked him are you my Attorney? if you are then why not come To see me . I am going to complain to the Judge abut this, he told me if you complain abut me to the Judge I will not help you,and if you complain the Judge is not going to like that and he will find you and most pay that, but if you do not complain I will speak to the judge not fine you. Then he told me  I believe Mr Byron Farly, the U.S. Marshal and the (FBI agent) George Nonldo, they broke the law by doing this to you. While later we went in the court room and Judge will released me from the Feberal jail to the INS costudy. Nine days later on 4/26/2002 they took me to the INS Office where Mr Byron Farly the (FBI agent ) Mr George Nonaldo and two other  Japanies consulate   they were waiting  for me,  one  of the Japanies consulate told me Mr, Byron Farly he wants your Iranian passport and they told me to tell you that you are deportable. Then I told the Japanies consulate that I believe on 5/01/2002 I have a court regarding my plolical asylum, and I told him I think Mr Farly he did not telling the trueth,

because he said that MRS. interpretor lady while she was on the phone with me and she told to mr. Byron Farly that this man is not Iranian, he is from Afghanistan! I think if Court want they can find her and asked her what she believe and told MR. Byron Farly at my interogation day abut my Nationality, I believe she still remember abut that day, I remembered those Japanies consulate they asked me while I was in the Jail dorong that 6-month is any Afghaniesh interproter came to talk To you? NO I told him, they said well they did not because MR. Byron Farly and David Marory they knew if they got you an Afghanish interpretor, he or she would Tell them this man is not from Afghanistan.

I remember On MAY 01,2002 I told the Judge MRS. DYANA DIAS that my October 26,2001 Interogation statement was not true and they twisted my words, therefor the HONORABLE Judge MRS. DYANA DIAS asked MR. Byron Farly where is Ali Partovi On October 26,2001 interogtions report they answered sorry we have lost all his Interogation file. than Judge told them it is being 5-year that I am a Judge and I never heard doring this 5-year the any one lost the interogation file. than I Told the Judge at that day while I was answering the questions MR. David Marory F.B.I agent was present in the room standing next to me writing my answers, Then Judge Called the F.B.I agent and asked him is that true? but he took MR.Byron Farly said and did not told the trueth ! then Judge asked the F.B.I agent do you Know any one by the name of MR. Odono who is working in United Nations Office in TOKYO ? yes mr. Odono used to work there but not any more. I believe he did not told the trueth and he is still working there . then Judge asked how can they hold of MRS? the Armainain Interpretor lady? the F.B.I agent answered MRS? can not be reached at this time, she is wife of melitary lieutenat and I did not Know how to get hold of her, then I told the Judge I think MRS? the interpretor lady is working for the F.B.I also , so I lost my tempar and I start talking to the Judge with loud voice that there is no Justtice in this Island (GUAM U.S.A) all those pepole who accused me or not even willing to come to the Court or they are no longer in the U.S. any more.

On month after my Court I telephone to U.N.H.C.R. office in washington D.C. and I requested the assistant and also I got chance to speak to MR. Pinter Andrew One of U.N.H.C.R High Commissioner.

## COUNT -ONE
### CONTINUANGE SUPPORTING FACTS

Few days later On June 27,2002 MR. Byron Farly the INS agent with an arm man they
Came to INS detention inside county jail and took to me, to have a conference with me
in side the conference room, in the conference Mr George Nonaldo told me not to
talk to any body, because if you can show me that you are not terrorist we will
release you, further Mr George Nonaldo told me that the next day I will be taking
a polygraph test,and if I pass it,"in lest than one month I will not only be release,
"but I will give you a green card to live in the United States of America". This was
is statement to me. ( Please see the motion I sent to the U.S. District Court in
my Writ of Habeas Corpis under case number CV-03-1098 PHX-EHC-(JJM).

Ali Partovi
CCA/FCC-Florence
Florence Correctional ctr
A 76-282-295
p.o.Box 6900
Florence,AZ 85232

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

Ali Partovi                    )
        Petitioner,     )     Case no. CV-03-1098-PHX-EHC-(JJM)
               )
vs.                            )
               )
               )
Mathew Bond,                   )
        Respondent.     )
               )
               )
_____)

MR. Earl H.Carroll
United States District Judge

Dear Judge;

      F.B.I MR. George Nonaldo told me On June 27,2002 If your not Terrorist
Show me in the lie detector do not talk to every body we are befor 1 month release
You and give you Green Card U.S. , I talk to F.B.I. OK, and finish Action On June
28,2002, I hope me next month release from custody but!.....!...after 3 month I
am Call to U.N.H.C.R. Washington Refugees  MR. Pinter Andraw S.O.S. but....after
many month  GUAM INS send me to Florence,AZ INS Detain.

Dear Judge;

      Why after final court Immigration On MAY 03,2002 F.B.I. say On June
27,2002  you must lie detector and why some body not come to final Immigration
Court Becaues Against me to accusation , F.B.I.& INS & marshal GUAM u.s.a. Island
Unlawful work to me. But F.B.I. MR. George Nonaldo and MR. David Marory not give
Copys or receipt a lie detector that I was to draw in F.B.I. office in said and
Building in the GUAM u.s.a. Island.

(1) 4 floor Hawaii first Building in the GUAM u.s.a. Island.
(2) waiting room befor arrival in to F.B.I. office.
(3) conference room On June 27,2002.
(4) Ali Partovi.
(5) George Nonaldo.
(6) Iranian tranlator(name ?).
(7) room On June 28,2002.
(8) Ali Partovi my behind lie detector action.
(9) lie detector
(10) Iranian translator(name ?)
(11) officer lie detector Japanes(name ?)
(12) Elevator



RESPECTFULLY SUBMITTED this_____day of_____2003,

By _____

Ali Partovi

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

Plaintiff human rights was violated , the laws of the United States was also violated by all defendants in their individual and official capacity the defendant further went on to violated my Due Process rights under the 5th and 14th amendment therefore I ask the honorable Court to help seek a preliminary injunction releaf plus punitive and compensatory damages in the sum of $ 2,000,000.00 dollars the reason for this I have been detained for over 22 month for no reason.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___AUGUST 07/2003___
DATE

_(signature)_

SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable.

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED _____ LODGED
_____ RECEIVED _____ COPY

AUG 1 1 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Ali Partovi )
)
                          Plaintiff, )        CV 03-1540-PHX-EHC (-DKD)
)
                          v. )                 NOTICE OF ASSIGNMENT
)
David Marory, et al. )
                          Defendant. )
_____ )

On 8/11/03, Plaintiff filed a pro se Complaint which has been assigned the
case number listed above. This case has been assigned to District Court Judge
Earl H Carroll and has been referred to Magistrate Judge David K Duncan (PS)
and the Court's Legal Staff. When any action is taken in this case, you will
be notified by Court order.


                          RICHARD H. WEARE
                          _____
                          District Court Executive/Clerk

cc:  Plaintiff

                              WARNING!
Failure to comply with the following rules will result in your document
being STRUCK and/or your case being DISMISSED:

(1)  You must file a Notice of Change of Address if your address changes.
(2)  You must correctly label any further documents with the above assigned
     caption and case number.  LOC. R. 1.9(a).
(3)  You must sign your name and date every document you file.
     FED. R. CIV. P. 11
(4)  You must provide an original and one copy of any document to be filed.
     (if you request a conformed copy, you must provide an original and
     two (2) copies).  LOC. R. 1.9(f)
(5)  You must mail copies of every document you file to all defendants
     or their attorneys, FED. R. CIV. P. 5(a), and every document
     you file must include a certificate stating the date a copy of the
     document was mailed to defendants or their attorneys.
     FED. R. CIV. P. 5(d).

②

KB

FILED ___ LODGED
RECEIVED ___ COPY

DEC 1 6 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6 # IN THE UNITED STATES DISTRICT COURT

7 ## FOR THE DISTRICT OF ARIZONA

8

9 Ali Partovi,                                    ) No. CV 03-1540-PHX-EHC (DKD)
)
10            Plaintiff,                          ) **ORDER**
)
11 vs.                                            )
)
12                                                )
David Marory, et al.,                            )
13                                                )
           Defendants.                           )
14 _____)

15

16          Plaintiff, presently detained in the Florence Correctional Center in Florence, Arizona,

17 has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1]  However, because Plaintiff

18 names only federal agents and officials as Defendants, the Court will reclassify the

19 Complaint as a <u>Bivens</u> action. "Actions under § 1983 and those under <u>Bivens</u>[2] are identical

20 save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>."

21 <u>Martin v. Sias</u>, , 88 F.3d 774, 775 (9th Cir. 1996) (quoting <u>Van Strum v. Lawn</u>, 940 F.2d 406,

22 409 (9th Cir. 1991)).

23

24 _____

25          [1]Plaintiff filed a habeas corpus petition arising out of the same events, his detention

26 and interrogation in Guam in 2001-2002, in Cause No. CV 03-1098-PHX-EHC (JJM).

27          [2]<u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

JDDL  28

## A.   Payment of Filing Fee or Application to Proceed *In Forma Pauperis*

Plaintiff has not paid the $150.00 filing fee, nor has he filed an Application to Proceed *In Forma Pauperis*. If Plaintiff is unable to pay the filing fee, he is required by 28 U.S.C. § 1915(a)(1) to submit an affidavit certifying that he is entitled to proceed *in forma pauperis* in this action. Plaintiff will therefore be required to either pay the filing fee or submit an affidavit on a current court-approved form (enclosed with this Order) within 30 days from the date this Order is filed.

## B.   Rule 41 Warning of Possible Dismissal

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff shall have 30 days from the date this Order is filed to either pay the $150.00 filing fee or submit an affidavit as required by 28 U.S.C. § 1915(a)(1);

(2) That at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(3) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona. Failure to comply with this

1  requirement may result in the pleading or document being stricken without further notice to

2  Plaintiff;

3      (4)  That the Clerk of Court is directed to enter dismissal of this action without

4  prejudice and without further notice to Plaintiff if Plaintiff fails to timely pay the $150.00

5  filing fee or timely submit an affidavit as required by 28 U.S.C. § 1915(a)(1); and

6      (5)  That the Clerk of Court directed to provide to Plaintiff a current court-approved

7  form for filing a non-prisoner *in forma pauperis* affidavit pursuant to 18 U.S.C. § 1915(a)(1).

8

9

10  DATED this ___11___ day of ___December_____, 2003.

11

12  _____

13  Earl H. Carroll
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
1   Name
    Address
2   City, State, Zip
    Telephone number
3

4

5

6               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF ARIZONA
7
                                    )
8                                   )
                                    )
9          Plaintiff,               )
                                    )   CV
10  vs.                             )
                                    )   MOTION TO PROCEED
11                                  )   IN FORMA PAUPERIS and
                                    )   SUPPORTING INFORMATION
12         Defendant.               )
                                    )
13  _____)
```

I, _____, declare that I am the Plaintiff in this action; that I hereby request to proceed without being required to prepay fees, costs or give security therefore. I state that, because of my poverty, I am unable to pay the fees of said proceeding; that I believe I am entitled to relief.

In further support of this application, I answer the following questions:

1.   Are you presently employed?                    Yes    No

     a.   If the answer is "yes", state the amount of your salary or wages per month and give the name and address of your employer.


     b.   If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.


ATTACHMENT 6

1   2.    Is your spouse employed?                  Yes    No

2   3.    Have you received within the past twelve months any money from any of the

3       following sources?

4       a.    Business or other form of self employment    Yes    No

5       b.    Rent payments, interest or dividends        Yes    No

6       c.    Pensions, annuities or life insurance payments   Yes    No

7       d.    Gifts or inheritances                   Yes    No

8       e.    Any other sources                     Yes    No

9       If the answer to any of the above is "yes", describe each source of money and state

10      the amount received from each during the past twelve months.

11

12   4.   Do you own any cash, or do you have money in checking or savings accounts?

13      If the answer is "yes", what is the amount of money you own in cash _____,

14      checking account _____, savings account _____.

15   5.   Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable

16      property (excluding household furnishing and clothing)? Yes    No

17      If the answer is "yes", describe and give estimated value of each.

18   6.   List the persons who are dependent upon you for support, state your relationship to

19      those persons, and indicate how much you contribute towards their support.

20      I declare under penalty of perjury that the forgoing is true and correct.

21                  DATED this ___ day of _____, 200___.

22

23

24                                  _____

                                      Your signature in ink

25                                  Your name typed or printed

                                     _____

26

27                                  Address

                                     Telephone Number

28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) ) | CV |
| vs. | ) ) ) | **ORDER** |
| Defendant. | ) ) ) ) ) | |

I, _____, District Judge/Magistrate Judge of the United States District Court for the District of Arizona, hereby:

____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore. Plaintiff shall be responsible for service by waiver or of the summons and complaint.

____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore. Service by waiver or of the summons and complaint shall be at government expense on the defendants by the U.S. Marshal or his authorized representative.

____ **DENY** the application for leave to proceed in forma pauperis without prepayment of costs or fees or the necessity of giving security therefore. Plaintiff shall have 10 days from the entry of this Order to pay the filing fee of $150.00. The Clerk of Court is directed to enter

ATTACHMENT 7

Ali Partovi
A 76-282-295
CCA/FCC-Florence
Florence Correctional Ctr
P.O. Box 6900
Florence, AZ 85232

FILED
RECEIVED

DEC 22 2003

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ali Partovi, | ) | Case No.CV-03-1540-PHX-EHC(DKD) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Proof for Paid Filing Fee** |
| | ) | |
| David Marory, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Dear Clerk;

I Paid the filing fee already On the date of August,14,2003.

I received a receipt from a Court Cashier. On the date above, August.14,2003.

my receipt Number is (200 638342). for the amount of $(150.00).

Here is a Sample of the receipt. I have the Original receipt with me but

I want to give you the receipt Number above so you can run a Check on it.

```
       Thu Aug 14 13:05:46 2003
       UNITED STATES DISTRICT COURT
         Phoenix        ,AZ
         Receipt No. 200 638342
          Chashier       gormsby
           Check Number: 17876
         DO Cod    Div No
           4608      2
         Sub Acct Type  Tender  Amount
         1:086900  N       2     60.00
         2:510000  N       2     90.00

         Total Amount      $ 150.00
         CIV FILING FEE CV 03 1540 PHX EHC (DKD)
         ALI PARTOVI PD BY
         CCA FLORENCE CORR CTR
```

Respectfully Submitted this **19** day of **December 2003.**

By _____

Ali Partovi pro se:

KB



FILED ____ LODGED
____ RECEIVED ____ COPY

JAN 2 1 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Ali Partovi,            )    No. CV 03-1540-PHX-EHC (DKD)

        Plaintiff,      )    **ORDER**

vs.                  )

David Marory, et al.,      )

        Defendants.    )
_____ )

      Plaintiff, presently detained in the Florence Correctional Center in Florence, Arizona, has filed a *pro se* <u>Bivens</u> action. By Order of December 16, 2003, the Court ordered Plaintiff to pay the filing fee (Doc. No. 3), but the filing fee had already been paid in this action. Accordingly, the December 16, 2003 Order will be vacated.

**A.**    <u>**Statutory Screening of Prisoner Complaints**</u>

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion

JDDL

1  thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. §
2  1997e(a).

**B.    Complaint**

   In his Complaint, Plaintiff alleges that agents of the Immigration and Naturalization
Service (INS/BICE) and the Federal Bureau of Investigation, as well as the Warden of the
Federal Detention Facility in Guam, violated Plaintiff's constitutional rights while he was
detained in Guam.  Named as Defendants are:  David Marory; Byron Farly; George Nonaldo;
and Mr. Tupaz.  Plaintiff seeks monetary damages and preliminary injunctive relief.

**C.    Failure to State a Claim**

   **1.    Due Process**

   A prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a
judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or
sentence," unless the prisoner demonstrates that the conviction or sentence has previously
been reversed, expunged, or otherwise invalidated.  Heck v. Humphrey, 512 U.S. 477, 486
(1994).  This bar also extends to claims for declaratory relief.  Edwards v. Balisok, 520 U.S.
641, 648 (1997).

   Here, Plaintiff claims that Defendant INS and FBI agents denied him due process in
connection with his immigration hearing and interrogation when they delayed his hearing and
falsified information in his file.  Plaintiff also appears to allege that Defendant Tupaz, the
Warden of the Federal Detention Facility ("FDF") in Guam, helped agents of the INS and
FBI to coerce Plaintiff into signing a statement he did not understand by threatening to treat
Plaintiff more harshly.  Plaintiff alleges that these due process violations resulted in his
incarceration for over 22 months.[1]

---

[1]Plaintiff has pending before this Court a habeas corpus action in which he contends
that he was improperly denied asylum and withholding of removal and that he is improperly
detained (CV 03-1099-PHX-EHC (JM)).

JDDL

1         The rationale of <u>Heck</u> applies to actions brought pursuant to <u>Bivens v. Six Unknown</u>
2 <u>Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Although <u>Heck</u>
3 involved a claim under § 1983, and Plaintiff has brought a <u>Bivens</u> action, "[a]ctions under
4 § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under
5 § 1983 by a federal actor under <u>Bivens</u>." <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996)
6 (quoting <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991)).

7         It is unclear whether <u>Heck</u> applies to immigration orders. However, the Fifth Circuit
8 has contemplated the possibility, observing that "even if <u>Heck</u> were to apply in the context
9 of immigration orders, it would, by analogy, bar only those claims that 'necessarily imply' the
10 invalidity of an INS or BIA order." <u>Humphries v. Various Federal USINS Employees</u>, 164
11 F.3d 936, 946 (5th Cir. 1999). The due process claim at issue here would necessarily imply
12 the invalidity of the INS order denying Plaintiff's petition for asylum and withholding of
13 removal and continuing his detention. Plaintiff alleges the type of procedural defects which
14 are so severe as to "necessarily imply" the complete invalidity of the proceeding. <u>See</u>
15 <u>Balisok</u>, 520 U.S. at 648.

16         Accordingly, the Court finds that the rationale of <u>Heck</u> is applicable to the facts of the
17 due process claim in this particular immigration case and that the instant § 1983 case is
18 barred by <u>Heck</u> until such time as Plaintiff has prevailed on the habeas corpus claim asserted
19 in CV 03-1099-PHX-EHC (JM). Further, to the extent that Plaintiff seeks immediate release,
20 habeas proceedings are the proper mechanism for a detainee seeking to challenge the legality
21 or duration of his confinement. <u>See Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).
22 Plaintiff's due process claim must be dismissed without prejudice.

23      **2.**   **Conditions of Confinement**

24         This Order will dismiss the Complaint with leave to amend. Dismissal of a *pro se*
25 litigant's complaint with leave to amend is not a penalty imposed by the Court, but a
26 privilege guaranteed to *pro se* litigants to assist them in curing the deficiencies of their
27 complaints. "'[U]nless [the district court] determines that the pleading could not possibly
28 be cured by the allegation of other facts,'" a *pro se* litigant is entitled to an opportunity to

- 3 -

amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff has named the Warden of the Federal Detention Facility as a Defendant. Although Plaintiff has not stated a claim for violation of his Eighth Amendment rights against Defendant Tupaz, Plaintiff could do so if he alleged in good faith that this Defendant acted with deliberate indifference to Plaintiff's health or safety in denying him "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994).

In Humphries, the Fifth Circuit distinguished between the type of claim which would necessarily imply the invalidity of an immigration order (discussed above) and a judgment on a claim for mistreatment while in detention, which "would in no way imply the invalidity of [the detainee's] detention or exclusion." Humphries, 164 F.3d at 946. A claim for mistreatment while in detention has "no meaningful relationship to those decisions or actions relevant to [the detainee's] immigration status." Id. Accordingly, such a claim would not be barred by Heck. The Complaint must therefore be dismissed with leave to amend to allege a claim for violation of the Eighth Amendment.

**D.** **Warning of Possible Dismissal**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That the Order of December 16, 2003 directing that Plaintiff pay the filing fee (Doc. No. 3) is vacated;

JDDL

(2) That the due process claim is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii);

(3) That the Complaint is dismissed with leave to amend. Plaintiff shall have 30 days from the date this Order is filed to file an Amended Complaint in accordance with this Order. The Amended Complaint must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Complaint by reference. Any Amended Complaint submitted by Plaintiff should be clearly designated as such on the face of the document;

(4) That the Clerk of Court is directed to enter dismissal of this action, without prejudice and without further notice to Plaintiff, if Plaintiff fails to file an Amended Complaint within 30 days of the date this Order is filed;

(5) That at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(6) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff; and

(7) That the Clerk of Court is directed to provide to Plaintiff a current court-approved form for filing a complaint pursuant to 42 U.S.C. § 1983.

DATED this _____ 15 _____ day of _____ January _____, 2004.

_____
Earl H. Carroll
United States District Judge

JDDL

Ali Partovi
A 76-282-295
CCA/FCC Correctional Center of America
1100 Bowling Road/P.O. Box 6900
Florence, Arizona 85232

FILED _ LODGED
RECEIVED _ COPP

FEB 0 2 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ D'__

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Partovi, | ) |
| Plaintiff, | ) Case No. CV 03-1540-PHX-EHC(DKD) |
| | ) |
| vs. | ) **Motion for leave to Amend Complaint** |
| | ) **[Pursuant to Rule 15.(a)]** |
| David Marory, et al., | ) |
| Defendants. | ) |

Plaintiff Ali Partovi, hereby move the HONORABLE COURT for leave
to Amend Complaint. This request is made in Pursuant to Rule 15.(a).
Plaintiff also request in Pursuant to Lopze vs. Smith, 203 F. 3d
1127 (9th Cir. 2000) (en banc) also see Doe vs. United States, 58 F. 3d
494, 497 (9th Cir 1995).

Respectfully Submitted this 29 day of **January** 2004.

BY _____
Ali Partovi pro se

Copies of the foregoing mail to:

Clerk, U.S. District Court
Sandra day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003-2118

**Ali Partovi   A 76-282-295**

Name and Prisoner/Booking Number

**CCA/FECECorrectionaleCentral of America**

Place of Confinement

**1100 Bowling Road/P.O. Box 6900**

Mailing Address

**Florence, Arizona 85232**

City, State, Zip Code

FILED ___ LODGED
RECEIVED ___ COPY

FEB 0 2 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**Ali Partovi**

(Full Name of Plaintiff)            Plaintiff,

vs.

**David Marory    (FBI Agent GUAM U.S.A.)**

**George Nonaldo  (FBI Agent GUAM U.S.A.)**

**Byron Farly     (INS Agent GUAM U.S.A.)**

**Franklin[Warden Local Prison(ACF) GUAM],**

**Tupaz          (Warden for Federal Prison)**

(Full Name of Each Defendant)       Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **CV 03-1540-PHX-EHC(DKD)**

(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

   a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

   b.  ☑ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

   c.  ☐ Other: (Please specify.) _____.

2. Name of Plaintiff: **Ali Partovi Correctional Center of America Prison/BICE Detention**
   Present mailing address: **1100 Bowling Road/P.O. Box 6900 Florence, Arizona 85232**
   (Failure to notify the Court of your change of address may result in dismissal of this action.)

   Institution/city where violation occurred: **F.D.F.  Federal Prison in GUAM U.S.A.**

98-1983
Revised 6/98

1

**550/555**

(7)

3. Name of first Defendant: David Marory . The first Defendant is employed as:
FBI Agent GUAM U.S.A. at Federal Bureau of Investigation
       (Position and Title)                      (Institution)

The first Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: Due Process under the 14th
amendment was Violated also the 5th amendment was Violated.

4. Name of second Defendant: George Nonaldo . The second Defendant is employed as:
FBI Agent GUAM U.S.A. at Federal Bureau of Investigation
       (Position and Title)                      (Institution)

The second Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: Due Process under the 5th
amendment was Violated also the 14th amendment was Violated.

5. Name of third Defendant: Byron Farly . The third Defendant is employed as:
INS/BICE Agent GUAM U.S.A. at Immigration Service/BICE
       (Position and Title)                      (Institution)

The third Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: Due Process under the 5th
amendment was Violated also the 14th amendment was Violated.

6. Name of fourth Defendant: Tupaz (Warden F.D.F.) . The fourth Defendant is employed as:
Federal Prison GUAM U.S.A. at Federal Bureau of Prison
       (Position and Title)                      (Institution)

The fourth Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: Due Process under the 5th
amendment was Violated also the 14th amendment was Violated.

(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☒ No

2. If your answer is "yes," how many lawsuits have you filed? ___∅___. Describe the previous lawsuits in the
spaces provided below.

3. First prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff: _____ N/A
      Defendants: _____ N/A

3. Name of first Defendant:**Franklin(Warden ACF Jail)**.The first Defendant is employed as: **Commodore and Warden Local Prison** at **Local Prison (ACF Jail) Mangilo Area in GUAM U.S.A.**

The first Defendants is sued in his/her:(✗)individual capacity(✗)official capacity (check one or both).

Explain how the first Defendant was action under color of law: **Due Process under the 5th amendment was violated also the 14th amendment was violated.**

4. Name of second Defendant:_____. The second Defendant is employed as: _____ at _____

The second Defendant is sued in his/her:( )individual capacity( )official capacity (check one or both).

Explain how the second Defendant was action under color of law: _____
_____

5. Name of third Defendant:_____. The third Defendant is employed as: _____ at _____

The third Defendant is sued in his/her:( )individual capacity( )official capacity (check one or both).

Explain how the third Defendant was action under color of law: _____
_____

6. Name of fourth Defendant:_____. The fourth Defendant is employed as: _____ at _____

The fourth Defendant is sued in his/her:( )individual capacity( )official capacity (check one or both.

Explain how the fourth Defendant was action under color of law: _____
_____

(If you name more than four Defendants,answer the questions listed above for each additional Defendant on a separate page.)

### B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuit while you were a prisoner?  ( )Yes   No(✗)

2. If your answer is"yes" how many lawsuits have you filed? **∅** Describe the previous lawsuits in the spaces provided below.

3. First prior lawsuit:
    a.    parties to prvious lawsuit:
          Plaintiff:_____**N/A**_____
          Defendants:_____**N/A**_____

b.  Court: (If federal court, identify the district; if state court, identify the county.) _____
    _____ N/A _____.
c.  Case or docket number: _____ N/A _____.
d.  Claims raised: _____ N/A _____
    _____
    _____

e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
    _____ N/A _____.
f.  Approximate date lawsuit was filed: ___ N/A _____.
g.  Approximate date of disposition: _____ N/A _____.

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____ N/A _____
        Defendants: _____ N/A _____
        _____.
    b.  Court: (If federal court, identify the district; if state court, identify the county.) ___ N/A ____
        _____.
    c.  Case or docket number: _____ N/A _____.
    d.  Claims raised: _____ N/A _____
        _____
        _____.
    e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
        _____ N/A _____.
    f.  Approximate date lawsuit was filed: ___ N/A _____.
    g.  Approximate date of disposition: _____ N/A _____.

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____ N/A _____
        Defendants: _____ N/A _____
        _____.
    b.  Court: (If federal court, identify the district; if state court, identify the county.) ____ N/A ____
        _____.
    c.  Case or docket number: _____ N/A _____.
    d.  Claims raised: _____ N/A _____
        _____
        _____.
    e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
        _____ N/A _____.
    f.  Approximate date lawsuit was filed: ___ N/A _____.
    g.  Approximate date of disposition: _____ N/A _____.

(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)

3

# C. CAUSE OF ACTION

## COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
Defendant violated my constitution rights and public laws 99-603 § (2) also violated my 5th and 14th amendments rights.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail  ☒ Access to the court  ☐ Medical care
☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
On or abut October 22/2001, through June 27/2002 Byron Farly(INS Agent), David Marory (FBI Agent), George Nonaldo(FBI Agent) and Warden Tupaz of the F.D.F. in GUAM U.S.A. working in consent with each other Violated my due Process Rights.
Under the Consent of the Warden of GUAM F.D.F. Prison the FBI agents and the INS agents stop me from going to Court on March 11/2002. Without my written consents or permission from the U.S. District Court, I was arbitrarily deny access to the court. On March 11/2002. Which was the schedule date for my release from custody in federal prison. Furthermore, the defendents violated my rights, when they failed to exercise discretion which they had a duty to exercise, becuase I did not give my consent or permission to any one to take me to the hospital. On that day of march 11/2002, they act without any authorization to take my blood I was not sick. This tactics by the FBI and INS agents who were working in consent with the warden of F.D.F. in GUAM, violate my rights only because on march 11/2002, they knew that the U.S. District Court was going to release me from jail, So they arbitrary and capricously deny me the right to be in court. They fabricate that I had madical problems. The defendents all abuse their discretion and failed to perform their duty that was required by law. Their action and inaction was without jurisdiction or legal authority.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
The injuries that was cause by the defendants action in stop-ing me from going to court with out my authorization or authorization of the court as harm me and as harm my asylum case . Their action and inaction as cause injury to my due process rights.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available a your institution?  ☒ Yes  ☐ N·
   b. Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ N·
   c. Did you appeal your request for relief on Count I to the highest level?  ☒ Yes  ☐ N·
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explai why you did not. _____

4

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): ___
   Defendants violated my contitutional rights they also violated public law 99-603 § 115
   the 5th , the 8th and 14th amendments were also violated by all defendents.

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
   in a different count)    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☑ Other: <u>Cruel and Unusual Punishments,</u>
                                                   <u>& Deliberate Indifferrence.</u>

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each
   Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal
   authority or arguments).
   With regards to the deliberate indifference to my health and welfare by (Warden Tupaz at
   F.D.F and Commodore Franklin A.C.F. warden at the local jail in Guam U.S.A.). The
   defendants working in consent with their staff at each facility violated my Eight
   Amendment rights, I was place in isolation unit for over 12 days with outany disciplinary
   or medical problems. Under these two official warden Tupez and Commodore Franklin who
   also work closely with the F.B.I. and INS agents in Guam U.S.A. to violated my rights and
   keep me lock-up unlawfully, the staff at the A.C.F facility local jail poured hot coffee
   on my body, they also poured cold ice water on my body, they also cuffed my hands and
   feets which cause my ankle and lower extremities to swell abnormally thus causing
   unreasonable pain and suffering to me. Although, after all this unlawful punitive cruel
   and unusal punishment that I had suffered at the hands of preson officials. Even another
   time, during my stay at the that facility, I was taken to the hospital for an X-Ray
   scans imaging consuling, Evern though the medical staff advise the prison officials to
   remove the body-cuff and hand-cuff because of the danger of the x-ray machine to my
   safety, they did not lesson to the medical staff, refusing to remove the cuff, this
   inaction cause me to suffer an electrical shock through my body. Furthermore, after the
   Immigration Judge the Honorable Dyana Dias order move to INS custody and sent me to
   hospital and was remover from that jail, the consent abuse by the defendants continue at
   the new facility that is run by the defendants. Yes,the action and inaction by the
   defendant was all due to each other consent to the staff members that work for them.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
   Defendants action and inaction has cause me to suffer unreasonable amount of pain
   the cruel and unusual punishment as cause suffering. Their action has no methodology
   principle of a civilize person, their action as cause unlimited injuries to me.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at
      your institution?                                                  ☑ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?          ☑ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?    ☑ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
      why you did not. _____

5

## COUNT III

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
Dfendants violated my contitional rights they also violated public law 99-603 § 115 the 5th, the 8th and 14th amendments were also violated by all defendants.

2. Count III involves: (Check only one; if your claim involves more than one issue, each issue should be stated in a different count)
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

With regards to the tactics of the the INS agent and the F.B.I. to link me to some kind of terrorist organization, violated my rights in every way. During the time that I was in the custody of F.D.F in GUAM U.S.A. some of the information that was in my Immigration files were taken by the INS agent Mr. Byron Farly who working in consent with the F.B.I. agent Mr. David Marory and Warden Tupaz to violate my rights. The defendants violated my rights and due process in this way, when they add document to my Immigration file suggestings that I'm from Afghanistan. Their action were Intended, derail my asylum petition. The defendants action to try to link me to some kind of terrorist organization from Afghanistan violated my rights. They went on to violated my rights in every stage of my custody, when they told me to take off all my clothes, hand cuffed me, then asked me sign some documents in English that I did not understand. Because, I refuse to sign the documents, I was told by the Warden Tupaz I would be treated worse. Therefore, because of this warning by the warden and my filed petition to them all for release of my human rights. I got scared and I sign the paper without knowing what was written on them. These paper were then added to my Immigration filed without my consent. Those false documents is a deliberate act of INS Agent and the F.B.I. Agents.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
Defendants threat to my safety that cause me mental pain, this effect anguis me to the fact that it has case injury to my reputation, because of them of elibenate act to put pulse information in my record linking me to terrorist as injury in all capacity as a good person. The injury or unlimitted.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available a your institution?  ☒ Yes ☐ N
   b. Did you submit a request for administrative relief on Count III?  ☒ Yes ☐ N
   c. Did you appeal your request for relief on Count III to the highest level?  ☒ Yes ☐ N
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explai why you did not. _____

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

Plantiff human rights was violated, the laws of the United States was also violated by all defendants in their individual and official capacity the defendant further went on to violated my Due Process rights under the 5th and 14th amendment therefore I ask the Honorable Court to help seek a preliminary injunction relief plus punitive and compensatory damages in the sum of § 5.000.000.00 dollars, the defendants action have cause me to suffer additionly and cause my detention to per-long for over 30 months, for all these reson plantiff request for relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ **Janury 29,2004.** _____
                           DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable.

7

Ali Partovi
A 76-282-295
CCA/FCC Correctional Ctr
P.O. Box 6900
Florence, AZ 85232

FILED ___ LODGED
RECEIVED ___ COPY

FEB 10 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ali Partovi,                )
                            )        Case No. CV-03-PHX-1540-EHC(-DKD)
            Plaintiff,       )
                            )
vs.                         )
                            )
David Marory, (et al),      )        **Motion to Notice**
                            )
            Defendants.      )
                            )

Plaintiff, Ali Partovi Motion to Notice to HONORABLE COURT. On January 29/2004, First Amended Complaint Page (1) the one Defendant Mr. Byron Farly he is not F.B.I. Agent, He is INS Agent.

Respectfully Submitted this **09** day of **Febrary** 2004.

By _____
            Ali Partovi pro se:

1 | Ali   Partovi
A 76-282-295
2 | CCA/FCC Florence Correctional Ctr
1100 Bowling Road/P.O. Box 6900
3 | Florence, AZ 85232

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 0 1 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Ali  Partovi,                   )     Case No. **CV 03-1540-PHX-EHC(-DKD)**
                                )
          Plaintiff,            )
                                )
vs.                             )     **Motion to Submit Defendents Right Name**
                                )
David R. Moreno, et al.,        )
                                )
          Defendants.           )
                                )
_____)


        Plaintiff Ali  Partovi, hereby  Submit the  Right  Name of Defendants,
David R. Moreno  (FBI Special  Agent  GUAM  Resident Agency), George H. Noland
(FBI  Special  Agent  GUAM  Resident  Agency),  Byron  C.  Farley  (INS  Senior
Inspector GUAM  Resident),  Jessie  Q.  Tupaz  (Warden  Federal  Prison  GUAM
Resident), Franklin [Warden  Local  Prison  (ACF)  Commodore  GUAM  Resident].
Plaintiff had the wrong name  on  the  Civil  Rights  Complaints Plaintiff  just
learn of the right spelling of all name defendants in this case.


        Respectfully Submitted this **27** day of **June** 2004.


        By_ _Ali  PARTOVI_____
        Ali  Partovi  pro  se:



KB

___ FILED     ___ LODGED
___ RECEIVED  ___ COPY

JUL 0 2 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9   Ali Partovi,                          )   No. CV 03-1540-PHX-EHC (DKD)
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
    David Marory, et al.,                 )
13                                        )
                Defendants.               )
14                                        )
                                          )
15   _____ )

16          Plaintiff, presently detained in the Florence Correctional Center in Florence, Arizona,

17   has filed a *pro se* First Amended Complaint asserting a <u>Bivens</u> action. The filing fee has

18   been paid.

19   **A.    <u>Statutory Screening of Prisoner Complaints</u>**

20          The Court is required to screen complaints brought by prisoners seeking relief against

21   a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

22   1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

24   may be granted, or that seek monetary relief from a defendant who is immune from such

25   relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion

26   thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. §

27   1997e(a).

TERMPSREF 28

10

1  **B.    First Amended Complaint**

2        Plaintiff alleges that agents of the Immigration and Naturalization Service (INS/BICE)

3  and the Federal Bureau of Investigation, as well as the wardens of the Guam Federal

4  Detention Facility and the A.C.F. facility local jail, violated Plaintiff's constitutional rights

5  while he was detained in Guam. Named as Defendants are: David Marory; George Nonaldo;

6  Byron Farly; Franklin; and Tupaz. Plaintiff seeks monetary damages and preliminary

7  injunctive relief.

8  **C.    Failure to State a Claim**

9        **1.    Count I – Due Process, Access to the Courts**

10       Count I of the First Amended Complaint is substantially the same as Count I of the

11 original Complaint. Plaintiff claims that Defendant agents of the INS and FBI denied him

12 due process and/or access to the courts by taking him to an unnecessary medical visit instead

13 of to an immigration hearing at which Plaintiff claims he would have been released from

14 custody (Amd. Compl. at 4). In its Order screening the original Complaint, the Court

15 dismissed this Count without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 486

16 (1994), until such time as Plaintiff is able to demonstrate that his conviction or sentence has

17 been reversed, expunged, or otherwise invalidated or called into question (Doc. No. 5). The

18 Court also noted that Plaintiff has a pending habeas corpus action challenging his detention

19 and contending that he was improperly denied asylum (Partovi v. Bond, CV 03-1098-PHX-

20 EHC (JM)).

21       Because Plaintiff has not suggested that his underlying conviction or sentence has yet

22 been reversed, expunged, or otherwise invalidated or called into question, his due process

23 and access to the courts claim will again be dismissed without prejudice pursuant to

24 Heck,512 U.S. at 486.

25       **2.    Count III – Threat to Safety**

26       Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were

27 violated when Defendants attempted to "derail" his asylum application by trying to "link

28 [Plaintiff] to some kind of terrorist organization" (Amd. Compl. at 6). Plaintiff alleges that

TERMPSREF

1  Defendants violated his due process rights when they "suggested" in his immigration file that
2  he is from Afghanistan. In the original Complaint, Plaintiff claimed that Defendants falsified
3  information in his file, but the Court dismissed this claim without prejudice pursuant to Heck,
4  512 U.S. at 486, until such time as Plaintiff is able to demonstrate that his conviction or
5  sentence has been reversed, expunged, or otherwise invalidated or called into question (Doc.
6  No. 5). Plaintiff has not done so. Accordingly, Plaintiff's allegation that Defendants falsified
7  or misstated evidence in his immigration file must again be dismissed without prejudice until
8  Plaintiff can make the showing that his conviction or sentence has been reversed, expunged,
9  or otherwise invalidated or called into question.

10  **D.   Claim to Which an Answer Will Be Required – Conditions of Confinement**

11      The original Complaint was dismissed with leave to amend to allege a claim for
12  violation of the Eighth Amendment (Doc. No. 5). Plaintiff now alleges in Count II that
13  Defendants Warden Tupaz of the Federal Detention Facility and Commodore Franklin,
14  warden of the local jail in Guam, "working in consent with their staff at each facility,"
15  subjected Plaintiff to cruel and unusual punishment. Plaintiff claims that he was placed in
16  isolation for twelve days without disciplinary or medical reason; that jail staff poured hot
17  coffee and ice water on Plaintiff; that jail staff caused swelling by cuffing his hands and feet;
18  and that jail staff caused electrical shock to Plaintiff by performing x-rays while he was
19  cuffed.

20      There is no *respondeat superior* liability under § 1983; therefore, a defendant's
21  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
22  does not impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v.
23  List, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, to state a claim against a state supervisory
24  official, the civil rights complainant must allege that the official personally participated in
25  the constitutional deprivation or that the state supervisory official was aware of widespread
26  abuses and with deliberate indifference to the inmate's constitutional rights failed to take
27  action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see
28  Monell, 436 U.S. at 691. Although the facts indicating that Defendants Tupaz and Franklin

1   personally participated in the listed constitutional violations are sketchy, the Court finds that
2   Plaintiff's allegation that they "work[ed] in consent with their staff at each facility" is
3   sufficient to state a claim for purposes of initial screening. To the extent Count III alleges
4   that unidentified Defendants forced Plaintiff to take off his clothes (Doc. No. 7 at 6), Plaintiff
5   fails to state a claim because he has not alleged that any particular Defendant took this action
6   against him.

7        Accordingly, an answer to Count II will be required from Defendants Tupaz and
8   Franklin.

9   **E.**    <u>**Warning of Possible Dismissal**</u>

10       Plaintiff should take notice that if he fails to timely comply with every provision of
11  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
12  41(b) of the Federal Rules of Civil Procedure. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-
13  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
14  Court), <u>cert.</u> <u>denied</u>, 506 U.S. 915 (1992).

15

16  **IT IS THEREFORE ORDERED:**

17      (1)   That Counts I and III are dismissed without prejudice pursuant to <u>Heck v.</u>
18  <u>Humphrey</u>, 512 U.S. 477, 486 (1994), until such time as Plaintiff is able to demonstrate that
19  his conviction or sentence has been reversed, expunged, or otherwise invalidated or called
20  into question;

21      (2)   That Defendants David Marory, George Nonaldo, and Byron Farly, who are
22  named only in connection with Counts I and III, are dismissed from this action without
23  prejudice;

24      (3)   That the Clerk of Court shall send Plaintiff a service packet including the First
25  Amended Complaint, this Order, and both summons and request for waiver forms for
26  Defendants Franklin and Tupaz;

27

28

TERMPSREF

1      (4) That Plaintiff shall complete and return the service packet to the Clerk of Court

2  within 20 days of the date of filing of this Order. The United States Marshal will not provide

3  service of process if Plaintiff fails to comply with this Order;

4      (5) That if Plaintiff does not either obtain a waiver of service of the summons or

5  complete service of the Summons and First Amended Complaint on each Defendant within

6  120 days of the filing of the complaint or within 60 days of the filing of this Order,

7  whichever is later, the action may be dismissed as to each Defendant not served pursuant to

8  Rule 4(m) of the Federal Rules of Civil Procedure and Rule 2.12(b)(3)(B)(i) of the Rules of

9  Practice of the United States District Court for the District of Arizona (Local Rules);

10      (6) That the United States Marshal shall retain the Summons, a copy of the First

11  Amended Complaint, and a copy of this Order for future use;

12      (7) That the United States Marshal shall notify Defendants Franklin and Tupaz of the

13  commencement of this action and request waiver of service of the summons pursuant to Rule

14  4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil

15  Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to

16  Defendants shall include a copy of this Order. The Marshal shall file waivers of service of

17  the summons or requests for waivers that were returned as undeliverable as soon as they are

18  received. If a waiver of service of summons is not returned by a Defendant within thirty days

19  from the date the request for waiver was sent by the Marshal, the Marshal shall:

20      (a) Personally serve copies of the Summons, First Amended Complaint, and

21  this Order upon the Defendants pursuant to Rule 4(e)(2) and Rule 4(j)(2)of the

22  Federal Rules of Civil Procedure;

23      (b) Within 10 days after personal service is effected, file the return of service

24  for the Defendant, along with evidence of the attempt to secure a waiver of service

25  of the summons and of the costs subsequently incurred in effecting service upon the

26  Defendant. The costs of service shall be enumerated on the return of service form

27  (USM-285) and shall include the costs incurred by the Marshal for photocopying

28  additional copies of the Summons, First Amended Complaint, or this Order and for

preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(8) **That a Defendant who agrees to waive service of the Summons and First Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(9) That Defendants shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(10)  That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(11) That Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(12)  That at all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in

TERMPSREF

the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(13)   That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff; and

(14)   That this matter is referred to Magistrate Judge David K. Duncan pursuant to Local Rules 1.16 and 1.17 for further proceedings.

DATED this _____ 1st _____ day of _____ July _____, 2004.

_____
Earl H. Carroll
United States District Judge

KB

___ FILED    ___ LODGED
___ RECEIVED  ___ COPY

SEP 2 4 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Partovi,<br><br>      Plaintiff,<br><br>vs.<br><br>David Marory, et al.,<br><br>      Defendants. | No. CV 03-1540-PHX-EHC (DKD)<br><br>**ORDER** |

Pending is Plaintiff's Motion to Submit Defendants' Right Name (Doc. No. 9), which the Court construes as a Motion to Amend Defendants' Names in the First Amended Complaint.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court may grant leave to amend "freely" "when justice so requires." Factors guiding a court's determination of whether to grant a motion to amend are: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the defendants. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). Plaintiff has not exhibited undue delay or bad faith. Further, amendment may not be futile, nor would it prejudice the opposing parties, who have not yet been served.[1]

---

[1] Service was ordered on July 2, 2004, but no Defendant has been served.

JDDL

1    Accordingly, Plaintiff's Motion for Leave to Amend will be granted. Plaintiff shall
2  submit a Second Amended Complaint within 30 days of the date this Order is filed. Plaintiff
3  should take notice that all causes of action alleged in a complaint which are not alleged in
4  an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d
5  1542, 1546 (9th Cir. 1990).
6  **Warning of Possible Dismissal**

7    Plaintiff should take notice that if he fails to timely comply with every provision of
8  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
9  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258,
10  1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of
11  the Court), cert. denied, 506 U.S. 915 (1992).

12

13  **IT IS THEREFORE ORDERED:**

14    (1)  That Plaintiff's Motion for Leave to Amend (Doc. No. 9) is granted;

15    (2)  That the Amended Complaint is dismissed with leave to amend. Plaintiff shall
16  have 30 days from the date this Order is filed in which to file a Second Amended Complaint.
17  The Second Amended Complaint must be retyped or rewritten in its entirety on a court-
18  approved form and may not incorporate any part of the original Complaint or Amended
19  Complaint by reference. Any Second Amended Complaint submitted by Plaintiff should be
20  clearly designated as such on the face of the document;

21    (3)  That the Clerk of Court is directed to enter a judgment of dismissal without
22  prejudice and without further notice to Plaintiff, if Plaintiff fails to file a Second Amended
23  Complaint within 30 days from the date of this Order is entered;

24    (4)  That at all times during the pendency of this action, Plaintiff shall immediately
25  advise the Court of any change of address and its effective date. Such notice shall be
26  captioned "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the
27  Notice of Change of Address on all opposing parties. The notice shall contain only
28  information pertaining to the change of address and its effective date, and shall not include

JDDL

- 2 -

1 a motion for other relief. Failure to timely file a notice of change of address may result in

2 the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

3 of Civil Procedure;

4     (5) That a clear, legible copy of every pleading or other document filed shall

5 accompany each original pleading or other document filed with the Clerk for use by the

6 District Judge or Magistrate Judge to whom the case is assigned. <u>See</u> Rule 1.9(f), Rules of

7 Practice of the U.S. District Court for the District of Arizona. Failure to comply with this

8 requirement may result in the pleading or document being stricken without further notice to

9 Plaintiff; and

10     (6) That the Clerk of Court is directed to provide to Plaintiff a current court-approved

11 form for filing a civil rights complaint (also appropriate for a <u>Bivens</u> action).

12     DATED this _____ day of _____, 2004.

13

14

15

16                           Earl H. Carroll
                        United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Ali  Partovi # A 76-282-295
_____
Name and Prisoner/Booking Number

CCA/FCC Florence Correctional Center
_____
Place of Confinement

1100 Bowling Road/P.O. Box 6900
_____
Mailing Address

Florence, Arizona 85232
_____
City, State, Zip Code



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Ali Partovi,
_____  )
(Full Name of Plaintiff)     Plaintiff,       )
                                               )
            vs.                                )  CASE NO.  CV 03-1540-PHX-EHC(DKD)
                                               )     (To be supplied by the Clerk)
Jessie Q. Tupaz (Warden F.D.F. Jail Guam),    )
                                               )
Franklin (Warden Local A.C.F. Jail Guam),     )
_____       )
                                               )
_____       )   **CIVIL RIGHTS COMPLAINT**
                                               )      **BY A PRISONER**
_____       )
(Full Name of Each Defendant)   Defendant(s).  )  ☐ Original Complaint
_____       )  ☐ First Amended Complaint
                                               )  ■ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ■ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ■ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ■ Other:  (Please specify.) 42 U.S.C. § 1789, 28 U.S.C. section 1343(a)(1),
        28 U.S.C. § section 1346, 28 U.S.C. section 1350,
        28 U.S.C. § section 2672.

2.  Name of Plaintiff: Ali Partovi,
    Present mailing address: CCA/FCC Florence Correctional Ctr P.O. Box 6900 Florence, AZ 85232
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: Federal Jail (F.D.F.) Hagatna, Guam 96910
                                                 Local   Jail (A.C.F.) Mangilao, Guam 96923

Case 1:05-cv-00012    Document 1-2    Filed 03/25/2005    Page 23 of 30

3. Name of first Defendant: _____Jessie Q. Tupaz_____. The first Defendant is employed as: _____Warden Federal Prison Guam U.S.A._____ at _F.D.F. Jail Hagatna, Guam 96910_.

<span style="text-align:center">(Position and Title)</span> <span style="text-align:center">(Institution)</span>

The first Defendant is sued in his/her: ■ individual capacity ■ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _Due process under the 14th_
_amendment, also the 5th 6th amendment was violated._.

4. Name of second Defendant: _Franklin (Commodore)_. The second Defendant is employed as: _____Warden Local Prison Guam U.S.A._____ at _A.C.F. Jail Mangilao, Guam 96923_.

<span style="text-align:center">(Position and Title)</span> <span style="text-align:center">(Institution)</span>

The second Defendant is sued in his/her: ■ individual capacity ■ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _Due process under the 14th_
_amendment, also the 5th 6th amendment was violated._.

5. Name of third Defendant: _____. The third Defendant is employed as: _____at_____.

<span style="text-align:center">(Position and Title)</span> <span style="text-align:center">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____at_____.

<span style="text-align:center">(Position and Title)</span> <span style="text-align:center">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ■ No

2. If your answer is "yes," how many lawsuits have you filed? __∅__. Describe the previous lawsuits in the spaces provided below.

3. First prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff: _____N/A_____.
      Defendants: _____N/A_____.
      _____.

b.   Court: (If federal court, identify the district; if state court, identify the county.) _____

                        N/A

c.   Case or docket number: _____ N/A

d.   Claims raised: _____ N/A

                        N/A

e.   Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

                        N/A

f.   Approximate date lawsuit was filed: \_\_\_ N/A

g.   Approximate date of disposition: _____ N/A

4.   Second prior lawsuit:

   a.   Parties to previous lawsuit:

       Plaintiff: _____ N/A

       Defendants: _____ N/A

                        N/A

   b.   Court: (If federal court, identify the district; if state court, identify the county.) _____

                        N/A

   c.   Case or docket number: _____ N/A

   d.   Claims raised: _____ N/A

                        N/A

                        N/A

   e.   Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

                        N/A

   f.   Approximate date lawsuit was filed: \_\_\_ N/A

   g.   Approximate date of disposition: _____ N/A

5.   Third prior lawsuit:

   a.   Parties to previous lawsuit:

       Plaintiff: _____ N/A

       Defendants: _____ N/A

                        N/A

   b.   Court: (If federal court, identify the district; if state court, identify the county.) _____

                        N/A

   c.   Case or docket number: _____ N/A

   d.   Claims raised: _____ N/A

                        N/A

   e.   Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

                        N/A

   f.   Approximate date lawsuit was filed: \_\_\_ N/A

   g.   Approximate date of disposition: _____ N/A

**(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
My 5th and 6th and 8 th and 14th amendment rights was violated also public law 99-603
section 2 was violated.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ■ Other: __Deliberate Indiffernce Cruel and Unusual Punishment.__

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
As I serve my time at the A.C.F in the local jail in Guam, U.S.A, Commodore Franklin. I
was for eleven days in the special house(post 6), violating my rights according to the
Eight Amendment. Although I was serving jail time I was alleviated, until the staff was
abetted by their employers towards my adversity. The action taken against me was
definitely, the act of altruism and unwarrented physical abuse, which will be described
in my medical report(see medical report). I was also ordered to medical in my abatement
and the professional knowledge and request, by the staff, which was ignored, caused my
medical esperience to be amiss.In my aback mental state after the ambulance showed and
demonstrated by both, the Warden Franklin and his staff, these are the injuries
inflicted on me by the defendant.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
The injury caused by the defendant was unlimited suffering, causing plaintiff to suffer
social and psychological harm, thus causing unlimited injuries.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ■ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ■ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ■ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): ____
Violated public law 99-603 section 115(2). They also violated the my 5th, 6th, 8th and 14th amendments rights.

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☒ Threat to safety ☐ Other: ____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
I was in Federal jail, F.D.F in Guam, U.S.A, at the time when the September 11th occured and in the ambience, the terrorist attack against a people and country to whom I am due to pledge my allediance to, I mourn because the very freedom and way of life that I am ameliorating into my life have been internally threatened, but I hold in my heart the Declaration of Rights, "We hold these truths to be self-evident, that all men are created equal, that they endowed by their creator with certain unalienable rights, that among these are life, liberty and the pursuit of happiness". The defendants, INS Senior Inspector Guam Resident - Byron C. Farley, FBI Special Agent GUAM Resident Agency - David R. Moreno, and Jessie Q. Tupaz - Warden Federal Prison Guam Resident, in their anomalies violated my rights in addition to tampering with my immigration files promoting I was from Afghanistan, a terrorist. Their allusion was absurd and a direct abhorrence to my character, leading to being treated as a terrorist without any tactful information to this allusation. I was at Alpha Block at Federal jail and sometimes when I was taking a shower, someone would push me forward from behind. I could not know who did that because there was a plastic that blocked my view.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
The anomaly action by defendant caused mental pain of unlimited irreparable harm to me psychological suffering. Thus causing unlimited injury to me.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. ____

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

Plaintiff hereby request for trial by jury such as preserved by rule of Court. Plaintiff seek compensatory damages and punitive damages a declaratory injunctive relief necessary and just. Plaintiff also ask that a fact finder be implemented to analyze the extent of inflicted harm and suffering all defendants have cause in their deliberate violation of plaintiff rights, plaintiff seek a sum of $5.000.000.00. Dollars from defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___October 12, 2004.___
          **DATE**

_Oli Porton_
**SIGNATURE OF PLAINTIFF**

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable.

U.S. Department of Justice
United States Marshals Service

U.S. MARSHALS-GUAM
RECEIVED

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ali Partovi, | CV 03-1540-PHX-EHC(-DKD) |
| DEFENDANT | TYPE OF PROCESS |
| Jessie Q. Tupaz Warden Federal Jail (F.D.F.) | Summons/Complaint/Order |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Jessie Q. Tupaz Warden Federal Jail [Hagatna, Guam]

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** Department of Corrections (F.D.F.) Hagatna, Guam 96910

RECEIVED COPY

NOV 29 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Ali Partovi A 76-282-295
CCA/FCC Florence Correctional Center
1100 Bowling Road/P.O. Box 6900
Florence, AZ 85232

| | |
|---|---|
| Number of process to be served with this Form | 1 |
| Number of parties to be served in this case | -2- |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                       Fold

Jessie Q. Tupaz Warden Federal Prison
[(F.D.F.) Hagatna, Guam 96910]

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| _Ali Partovi_ | | | July 19, 2004 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 8 | District to Serve No. 93 | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | | | _Jennifer R. Hawkins_ | 7/26/04 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (complete only if different than shown above) | | Date of Service: 10-14-04  Time: 12:45 ☐am ☒pm |
| | | Signature of U.S. Marshal or Deputy: _Y._ |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: 9/29/04: moved to personal service. no response from Defendant, to date was mailed to USMS-Guam (93)

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ali Partovi, | CV 03-1540-PHX-EHC(-DKD) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Franklin Warden Local Jail (A.C.F.) | Summons/Complaint/Order |

**SERVE** ➡
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Franklin Warden Local Jail [Mangilao, Guam]

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
**AT** Department of Corretions (A.C.F.) Mangilao, Guam 96923

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Ali Partovi A 76-282-295
CCA/FCC Florence Correctional Center
1100 Bowling Road/P.O. Box 6900
Florence, AZ 85232

| | |
|---|---|
| Number of process to be served with this Form - 285 | -2- |
| Number of parties to be served in this case | -2- |
| Check for service on U.S.A. | |

RECEIVED
NOV 2 9 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Franklin Warden (Commodore) Local Prison
[(A.C.F.) Mangilao, Guam 96923]

Signature of Attorney or other Originator requesting service on behalf of:
Ali-Partovi
☑ PLAINTIFF
☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| | July 19, 2004 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 8 | District to Serve No. 93 | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | 8 | 93 | | 7/26/04 |

I hereby certify and return that I ☑ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

| Date of Service | Time | am/pm |
|---|---|---|
| 10-14-04 | 14:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: 9/29/04: moved to personal service; no response from defendant, to date ua
Mailed to USMS-Guam (93)