ORIGINAL

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

ALI PARTOVI,

    Plaintiff,

vs.

JESSIE Q. TUPAZ, et. al.,

    Defendants.

Civil Case No. 05-00012

**ORDER**

Regarding Service of Plaintiff's 2nd Amended Complaint

This is a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1979), brought by Plaintiff, Ali Partovi, ("Partovi"). Partovi is an immigration detainee, presently detained in the Florence Correctional Center in Florence, Arizona. Initially, Partovi filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Arizona. Thereafter the Arizona Court reclassified the matter as a Bivens action and allowed Partovi to amend his complaint on two separate occasions. After reviewing Partovi's Second Amended Complaint, the Arizona Court, upon review of the grounds stated therein, determined that venue was proper in the District Court of Guam and accordingly the matter was transferred to this Court. *See* Docket No. 1.[1]

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Review of the record reveals that Partovi's Second Amended Complaint was never personally served on the Defendants.

Also, a complaint or portion thereof must be dismissed if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

## SECOND AMENDED COMPLAINT

Partovi alleges that agents of the Immigration and Naturalization Service and the Federal Bureau of Investigation as well as the wardens of the Guam Federal Detention Facility and the A.C.F. facility local jail violated Partovi's constitutional rights while he was detained on Guam. Partovi named defendants Jesse Q. Tupaz and Franklin.[2]

## FAILURE TO STATE A CLAIM

### 1. Count I - Regarding Warden Jesse Q. Tupaz

Count I of the Second Amended Complaint alleges that Warden Franklin and his staff of the jail in Guam subjected Partovi to cruel and unusual punishment. Specifically, Partovi claims that he was physically abused while in the facility and then was refused proper medical treatment for his injuries. Partovi has also named the Warden Tupaz as a Defendant. However, he has not stated how his Eight Amendment rights were violated by Defendant Tupaz. Partovi has already been given two opportunies to amend his complaint to state a claim in this regard. In both instances, he has failed to make the requisite showing. *See* Orders dated January 21, 2004 and September 24, 2004. Accordingly, Count I is DISMISSED WITHOUT PREJUDICE as to Defendant Tupaz. An answer to Count I will be required from Defendant Franklin.

### 2. Count II- Regarding Threat to Safety

In Count II, Partovi alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when Defendants "tamper[ed] with my immigration files promoting I was from Afghanistan, a terrorist." (First Amd. Compl. at 5). In both his original and First Amended Complaint, Partovi claimed that Defendants falsified information in his file regarding Partovi being an Afghani terrorist. The Arizona Court dismissed this claim without prejudice pursuant to *Heck, v. Humphrey*, 512 U.S. 477, 486, (a prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has

---

[2] Partovi fails to indicate Warden Franklin's first name.

previously been reversed, expunged, or otherwise invalidated.) until such time as Partovi is able to demonstrate that his conviction or sentence has been reversed, expunged, or otherwise invalidated or called into question. *See* Orders dated July 2, 2004 and January 21, 2004. Partovi has not done so. Accordingly, Partovi's allegation that Defendants falsified or misstated evidence in his immigration file must for a third time be dismissed without prejudice. To the extent that Count II alleges that unidentified Defendants pushed him from behind while in the shower (First Amd. Compl. at 5), Partovi fails to state a claim because he has not alleged that any particular Defendant committed this action against him. Accordingly, Count II is DISMISSED WITHOUT PREJUDICE in its entirety.

### RULE 41 WARNING OF POSSIBLE DISMISSAL

Partovi should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.)(district court may dismiss action for failure to comply with any order of the Court.), *cert. denied*, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

1) That Count II is dismissed without prejudice pursuant to *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994), until such time as Partovi is able to demonstrate that his conviction or sentence has been reversed, expunged, or otherwise invalidated or called into question;

2) That Defendant Jesse Q. Tupaz who is named as a Defendant as to Counts I and II, is dismissed from this action without prejudice;

3) That the Clerk of Court shall send Partovi a service packet including the Second Amended Complaint, this Order and both summons and request for waiver forms for Defendant Franklin;

4) That Partovi shall complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Partovi fails to comply with this Order;

5) That if Partovi does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint upon Defendant Franklin within 120 days

of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, this action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;

6) That the United States Marshal shall retain the Summons, a copy of the Second Amended Complaint and a copy of this Order for future use;

7) That the United States Marshal shall notify Defendant Franklin of the commencement of this action and request waiver of service of the summons pursuant to Rules 4(d) and 4(j)(2) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file a waiver of service of the summons or request for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by the Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Second Amended Complaint, and this Order upon the Defendant pursuant to Rules 4(e)(2) and 4(j)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is affected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms, if required.

8) **That if the Defendant agrees to waive service of the Summons and Second Amended Complaint the Defendant shall return the signed waiver forms to the United States Marshal not the Plaintiff;**

9) That the Defendant shall answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

10) That Partovi shall serve upon Defendant, or if an appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Partovi shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or his counsel. Any paper received by a district Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

11) That at all times during the pendency of this action, Partovi shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the federal Rules of Civil Procedure;

**DATED** this 17th day of January, 2005.

_____
Donald W. Molloy*
United States District Judge

---

* The Honorable Donald W. Molloy, United States Chief District Judge for Montana, by designation.