FILED
DISTRICT COURT OF GUAM
MAR 15 2006
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| ALI PARTOVI,<br><br>        Plaintiff,<br><br>        vs.<br><br>JESSIE Q. TUPAZ, et. al.,<br><br>        Defendants. | Civil Case No. 05-00012<br><br>**ORDER** |

This matter comes before the court on plaintiff's, Ali Partovi, ("Partovi") Motion to Amend his complaint. Initially, Partovi filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Arizona. Thereafter the Arizona court reclassified the matter as a Bivens action and allowed Partovi to amend his complaint on two separate occasions. After reviewing Partovi's Second Amended Complaint, the Arizona court, upon review of the grounds stated therein, determined that venue was proper in the District Court of Guam and accordingly the matter was transferred to this court. *See* Docket No. 1. This court dismissed Count 1 as to defendant Tupaz and Count 2 in its entirety. The court then ordered Partovi to complete the service packets so that service of his 2nd Amended Complaint could be accomplished. Instead of completing the service packets as ordered Partovi submitted another motion to amend his complaint along with his 3rd Amended Complaint.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court may grant leave to amend "freely" "when justice so requires." Factors guiding a court's determination of whether to grant a motion to amend are: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the defendants. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997). Partovi

has not exhibited undue delay or bad faith. Further, amendment would not prejudice opposing parties, who have not yet been served.[1]

Accordingly, Partovi's Motion for Leave to Amend will be GRANTED. The Clerk of Courts is directed to file Partovi's Third Amended Complaint.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Also, a complaint or portion thereof must be dismissed if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

## THIRD AMENDED COMPLAINT

Partovi alleges that staff as well as the wardens of the Guam Federal Detention Facility ("F.D.F.") and the local jail violated Partovi's constitutional rights while he was detained on Guam. Partovi named defendants Jesse Q. Tupaz and Franklin as parties in this action.[2]

## FAILURE TO STATE A CLAIM

**1. Count I - Regarding Warden Jesse Q. Tupaz and Count II - Regarding Warden Franklin**

Counts I and II of the Second Amended Complaint alleges that the staff of the local jail and at the F.D.F. subjected Partovi to cruel and unusual punishment.[3] Specifically, Partovi claims that he was physically abused during his detention and then was refused proper medical treatment for his injuries. In Count I, Partovi named Wardens Franklin (Warden of the local jail) and Tupaz (Warden

---

[1] Service was ordered on January 17, 2006 but no defendant has been served.

[2] Partovi fails to indicate Warden Franklin's first name.

[3] Although Partovi cites the 5th, 6th, and 14th amendments (due process) as a basis for counts one and two, the court has previously dismissed Partovi's due process claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), until such time as Partovi is able to demonstrate that his conviction or sentence has been reversed, expunged, or otherwise invalidated. As Partovi has not provided such information, the court will construe counts one and two as 8th amendment claims based on the facts alleged.

of the F.D.F.) as defendants. However, he has not stated how his Eighth Amendment rights were violated by defendant Tupaz with respect to the facts that occurred in the local jail. Likewise, in Count II, Partovi named Wardens Franklin and Tupaz as defendants. However, Partovi failed to demonstrate how Warden Franklin contributed to facts alleged to have occurred at the F.D.F. Partovi has been given three opportunities to amend his complaint to state a claim in this regard. In all instances, he has failed to make the requisite showing. *See* Orders dated January 21, 2004, September 24, 2004 and January 17, 2006. In light of the three previous amendments allowed by the court and the fact that Partovi still fails to make the requisite showing, the court finds that any future amendment would be futile. Accordingly, Count I is DISMISSED WITH PREJUDICE as to defendant Tupaz and Count II is DISMISSED WITH PREJUDICE as to defendant Franklin.

### 2. Counts I and II- Regarding Threat to Safety

In addition to the cruel and unusual punishment alleged in Count I,[4] Partovi alleges in Count II that his Fifth, Sixth, and Fourteenth Amendment rights were violated when jail staff at the F.D.F. circulated a rumor "accusing me of being a terrorist." (Third Amd. Compl. at 5). Count II also alleges that Partovi was subjected to numerous searches "without any apparent reason" and that unidentified defendants pushed, punched and kicked him from behind while in the shower. (First Amd. Compl. at 5).

Partovi fails to state a claim because he has not alleged that any particular defendant committed these actions against him. As the court previously indicated, there is no *respondeat superior* liability under §1983; therefore, a defendant's position as the supervisor of persons who allegedly violated Partovi's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, to state a claim against a state supervisory official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that the state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987);

---

[4] Partovi claims that jail staff poured hot coffee and ice water on Partovi; that jail staff caused swelling by cuffing his hands and feet; and that jail staff caused electrical shock to Partovi by performing x-rays while he was handcuffed.

*see Monell*, 436 U.S. at 691. There are no facts indicated within Partovi's complaint that indicate that defendants Tupaz and Franklin either personally participated in or were aware of the listed constitutional violations and allowed them to continue. As no other defendants have been named with respect to this matter, Counts I and II are DISMISSED WITHOUT PREJUDICE.[5]

**IT IS THEREFORE ORDERED:**

1) Partovi's Motion for Leave to Amend the Second Amended Complaint is granted. Accordingly, the Clerk of Courts is directed to file Partovi's Third Amended Complaint.

2) As to Partovi's Third Amended Complaint, Count I is dismissed with prejudice as to defendant Jesse Q. Tupaz and Count II is dismissed with prejudice as to defendant Franklin.

3) As to Partovi's Third Amended Complaint, Count I as to defendant Franklin and Count II as to defendant Tupaz are dismissed without prejudice.

**DATED** this 15th day of March, 2006.

JAMES L. ROBART[*]
United States District Judge

---

[5] The court dismisses this matter without leave to amend as Partovi has already been allowed numerous opportunities to amend his pleading in this regard. Partovi was also advised of this particular issue concerning the lack of *respondeat superior* liability in the Arizona court's July 2, 2004 order at page 3.

[*] The Honorable James L. Robart, United States District Judge for Western Washington, by designation.